**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MELODY ROSS, | No. 13-35362 |
| Plaintiff - Appellee, | D.C. No. 4:12-cv-00048-RKS |
| v. |  |
| CAROLYN W. COLVIN, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Montana
Keith Strong, Magistrate Judge, Presiding

Submitted October 8, 2014[**]
Portland, Oregon

Before:  KOZINSKI, Chief Judge, and FISHER and DAVIS,[***] Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Andre M. Davis, Senior Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

Melody Ross, on behalf of the estate of her son, Robert Ross, appeals the district court's decision upholding the administrative law judge's ("ALJ") denial of her son's application for supplemental security income benefits. For the reasons stated below, we affirm.

**1.** We review de novo the district court's order upholding the ALJ's denial of social security benefits. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). On de novo review, we set aside a denial of benefits only if it is not supported by substantial evidence or is based on incorrect legal standards. *Id.*

**2.** The ALJ reasonably evaluated the medical opinions in the case record. The ALJ premised Mr. Ross's residual functional capacity on the notes of Mr. Ross's treating physicians, Dr. Patricia Calkin and Dr. Nora Norum, while expressly discounting the opinions of non-treating professionals. *See* 20 C.F.R. § 416.927(c)(2); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1160–61 (9th Cir. 2014). The treatment notes indicated that Mr. Ross was abstaining from alcohol, experiencing no extended episodes of decompensation, and had not been hospitalized during the relevant time period.

Ms. Ross argues that the ALJ failed to provide specific reasons for disregarding the findings of counselor Roslyn Gallagher. However, Ms. Gallagher's treatment notes were not in the record before the ALJ and thus the ALJ

cannot be faulted for not considering them. In any event, Ms. Gallagher's observations are consistent with the substantial evidence supporting the ALJ's decision.

**3.** The ALJ provided clear and convincing reasons in finding that Mr. Ross's testimony regarding the severity of his symptoms was not credible. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). First, Mr. Ross's report of his daily activities was inconsistent with his claimed limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008). Second, he was noncompliant with recommended treatment. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039–40 (9th Cir. 2008). Finally, the medical evidence did not support his complaints.

**4.** The ALJ did not err in relying on vocational expert testimony that did not include all of Mr. Ross's claimed limitations. The ALJ is required to include in his hypothetical questions only those limitations he finds are supported by substantial evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). As explained above, the ALJ articulated sufficient reasons for discounting Mr. Ross's testimony regarding his mental limitations. Thus, he was not required to include in his hypothetical questions Mr. Ross's version of his limitations.

**AFFIRMED.**

3